1  WALTER F. BROWN (STATE BAR NO. 130248)
      wbrown@paulweiss.com
2  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
3  535 Mission Street, 24th Floor
   San Francisco, CA  94105
4  Telephone:     (628) 432-5111

5  LIZA M. VELAZQUEZ (*pro hac vice application to be submitted*)
      lvelazquez@paulweiss.com
6  DAVID W. BROWN (*pro hac vice application to be submitted*)
      dbrown@paulweiss.com
7  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
8  1285 Avenue of the Americas
   New York, NY  10019-6142
9  Telephone:     (212) 373-3000

10 Attorneys for Defendant
   AMAZON.COM SERVICES, LLC
11

12              UNITED STATES DISTRICT COURT

13             EASTERN DISTRICT OF CALIFORNIA

14

15 MICHELLE RIZVANOVIC, individually        Case No.
   and on behalf of other persons similarly
16  situated,                               **DECLARATION OF WALTER F.
                                            BROWN IN SUPPORT OF
17                       Plaintiff,         DEFENDANT AMAZON.COM
                                            SERVICES, LLC'S NOTICE OF
           v.                               REMOVAL OF CLASS ACTION**
18
19 AMAZON.COM SERVICES, LLC, a             [Removal from the Superior Court of
   Delaware limited liability corporation, and California, County of Kern, Case No.
20 DOES 1 through 10, inclusive,           BCV-21-102647]

21                                         Complaint Filed: November 4, 2021
                         Defendants.
22

23

24

25

26

27

28

I, Walter F. Brown, hereby declare and state:

1. I am an attorney duly licensed to practice law before all the courts of the State of California as well as the United States District Court for the Eastern District of California. I am a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, and am one of the attorneys representing Amazon.com Services, LLC ("Amazon") in the above-entitled action. Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Class Action Complaint in *Rizvanovic* v. *Amazon.com Services, LLC et al.*, Case No. BCV-21-102647, filed on November 4, 2021.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Civil Cover Sheet in *Rizvanovic* v. *Amazon.com Services, LLC et al.*, Case No. BCV-21-102647, filed on November 4, 2021.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Summons in *Rizvanovic* v. *Amazon.com Services, LLC et al.*, Case No. BCV-21-102647, filed on November 15, 2021.

5. Attached hereto as **Exhibit D** is a true and correct copy of a Rejection and Correction Notice in *Rizvanovic* v. *Amazon.com Services, LLC et al.*, Case No. BCV-21-102647, entered on November 16, 2021.

6. Attached hereto as **Exhibit E** is a true and correct copy of the Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause re CRC Rule 3.110 and Notice of Case Management Conference in *Rizvanovic* v. *Amazon.com Services, LLC et al.*, Case No. BCV-21-102647, entered on November 16, 2021.

7. Attached hereto as **Exhibit F** is a true and correct copy of the Proof of Service of Summons, filed on December 8, 2021 in *Rizvanovic* v. *Amazon.com Services, LLC et al.*, Case No. BCV-21-102647, and reflecting that Plaintiffs effected service of the Summons and Class Action Complaint on November 23, 2021.

8.     In accordance with 28 U.S.C. § 1446(a), Exhibits A–F constitute "all process, pleadings, and orders served upon" Amazon and otherwise filed or entered in the state court action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on the 22nd of December, 2021 at San Francisco, California.


_____
*/s/ Walter F. Brown*
Walter F. Brown

# EXHIBIT A

1　Christian J. Petronelli, SBN 284522
　　PETRONELLI LAW GROUP, PC
2　295 Redondo Avenue, Suite 201
3　Long Beach, California 90803
　　Telephone: (888) 855-3670
4　Facsimile: (888) 449-9675

5
　　Dean S. Ho, SBN 297357
6　OPTIMUM EMPLOYMENT LAWYERS
　　7545 Irvine Center Dr., Suite 200
7　Irvine, California 92618
　　Telephone: (949) 954-8181
8　Facsimile: (949) 335-6106

9
　　Attorneys for Plaintiff
10　MICHELLE RIZVANOVIC

11

12　　　　　　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13　　　　　　　　　**FOR THE COUNTY OF KERN**

14　MICHELLE RIZVANOVIC, individually　　Case No.:　BCV-21-102647
　　and on behalf of all other persons similarly
15　situated,
　　　　　　　　　　　　　　　　　　　　**CLASS ACTION COMPLAINT**
16
17　　　　　　　　Plaintiff,　　　　　　　　(1)　Disability Discrimination (Government
　　　　　　　　　　　　　　　　　　　　　　　Code § 12940(a));
18　　　　vs.　　　　　　　　　　　　　　(2)　Failure to Prevent Discrimination
　　　　　　　　　　　　　　　　　　　　　　　(Government Code § 12940(k));
19　AMAZON.COM SERVICES, LLC, a　　　(3)　Failure to Provide a Reasonable
20　California limited liability company and　　　　Accommodation (Government Code
　　DOES 1 through 10, inclusive,　　　　　　　§12940(m));
21　　　　　　　　　　　　　　　　　　　(4)　Failure to Provide a Timely, Good Faith,
　　　　　　　　Defendants.　　　　　　　　　　Interactive Process (Government Code §
22　　　　　　　　　　　　　　　　　　　　　　12940(n);
23　　　　　　　　　　　　　　　　　　　(5)　Retaliation in Violation of the Fair
　　　　　　　　　　　　　　　　　　　　　　　Employment and Housing Act ("FEHA")
24　　　　　　　　　　　　　　　　　　　　　　(Government Code § 12940(h));
25　　　　　　　　　　　　　　　　　　　(6)　Retaliation and Wrongful Termination in
　　　　　　　　　　　　　　　　　　　　　　　Violation of Public Policy; and
26　　　　　　　　　　　　　　　　　　　(7)　Unfair Business Practices (Business &
　　　　　　　　　　　　　　　　　　　　　　　Professions Code §§ 17200 *et seq.*).
27

28　　　　　　　　　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

---

CLASS ACTION COMPLAINT

Plaintiff MICHELLE RIZVANOVIC (hereinafter "Plaintiff"), individually and on behalf of all other persons similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

5.      Plaintiff timely provided notice to the California Labor Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code § 2699.3(a).  Therefore, Plaintiff may proceed with this action for penalties pursuant to California Labor Code § 2698, *et seq.*

## PARTIES

6.      Plaintiff is, and at all relevant times was, a citizen of the state of California.

7.      Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant *to La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

8. Defendant AMAZON.COM SERVICES, LLC ("AMAZON" or "Defendant") was and is, upon information and belief, a California corporation and a California limited liability company. At all times hereinafter mentioned, Defendant was an employer whose employees were engaged throughout this county and the State of California.

9. Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names. Each of the DOE Defendants was in some manner legally responsible for the violations alleged. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

10. At all times, the Defendants named as DOES 1 to 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

11. At all times, each Defendant was the agent, servant, or employee of the other Defendants and, in acting and omitting to act as alleged herein, acted within the course and scope of that agency or employment.

12. Defendant AMAZON and DOES 1 to 10 are collectively referred to herein as "Defendants."

**JOINT LIABILITY**

13. Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, general employer, special employer, dual employer, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or employment with the knowledge and/or consent of co-Defendants, and each of them. Moreover, Plaintiff is informed and believes, and thereon alleges, that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants.

**CORPORATE LIABILITY FOR PUNITIVE DAMAGES**

14. Defendants' conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by its

CLASS ACTION COMPLAINT

officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by its officers, directors, and/or managing agents as those terms are used in Civil Code, §§ 3294 and 3295 for purposes of establishing corporate liability for punitive damages. Further, Defendants had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual perpetrators whose actions and conduct were authorized, approved, and/or ratified by Defendants' directors, officers, and/or managing agents.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

15. Plaintiff worked for Defendants as an Account Executive from November 24, 2020 to December 30, 2020.

16. AMAZON.COM SERVICES, LLC is a multinational technology company with a multitude of business offerings, including e-commerce and commercial delivery and distribution.

17. Defendants employed Plaintiff as a Fulfillment Associate. Plaintiff earned $15 per hour and worked at Defendants' fulfillment center located at 1601 Petrol Road in Bakersfield, Calfiornia.

18. Defendants hired Plaintiff to work on a "Reduced Time" schedule, which Defendants classified as a schedule consisting of thirty (30) to thirty-nine (39) hours per week.

19. Plaintiff was scheduled to work thirty (30) hours per week, consisting of six (6) hour shifts for five (5) days per week. Plaintiff was informed her position included working mandatory overtime hours.

20. Plaintiff's role as a Fulfillment Associate was to assist in processing, packaging, and shipping items and her duties included, but were not limited to, locating, receiving, storing, checking, transporting, and arranging packages and items going in and out of Defendants' fulfillment center.

21. Upon initial hire, Plaintiff notified a representative at Defendant's human resources department that she suffers from osteoporosis in her ankles and legs and has stress fractures in both feet, causing pain during certain activities, such as excessive walking and standing for prolonged periods of time. Plaintiff further explained to human resources personnel that she would not know how her body was going to react until she performed the work duties.

- 4 -

22.     On October 30, 2020, which was Plaintiff's second day of work, Plaintiff began feeling pain and discomfort during her shift. Around four (4) to five (5) hours into her shift, Plaintiff's pain became unbearable and Plaintiff's feet began to swell.

23.     Plaintiff realized she would not be able to perform any overtime work due to the pain and discomfort she felt towards the end of her six (6) hour shift. Plaintiff informed human resources personnel that she would not be able to work any overtime and could not stand in place for prolonged periods of time. Plaintiff was told she would need to submit a doctor's note requesting specific restrictions and/or limitations.

24.     Plaintiff was able to perform the functions of her job, but needed accommodations to her work schedule to minimize and/or prevent aggravation of her medical condition.

25.     On October 31, 2020, Plaintiff requested an accommodation via Amazon's online employee portal.

26.     On November 3, 2020, Plaintiff visited her primary care physician and was referred to a podiatrist.

27.     Plaintiff scheduled the first available appointment and met with her podiatrist on November 5, 2020.

28.     Plaintiff's podiatrist submitted Plaintiff's accommodation request to Defendants via fax on November 9, 2020. The doctor's note requested her duties be modified to accommodate her limitations on performing manual tasks, walking, standing, and working due to her immune system, osteoarthritis, and chronic joint pain related to Lupus. Plaintiff's doctor filled out Defendants' form titled "Healthcare Provider Questionnaire for Employee Accommodation Request" and stated Plaintiff's schedule needed to be limited to six (6) hours of standing and walking per day, no more than twenty-five (25) hours per week, and no standing in place for more than fifteen (15) minutes.

29.     On November 9, 2020, Plaintiff received an e-mail from Defendants stating the Company had received her accommodation request and that she would be receiving a phone call in the next few business days. Plaintiff received no such call.

CLASS ACTION COMPLAINT

30.      Due to Plaintiff's possible exposure to someone with Covid-19, Plaintiff took a test and tested negative for Covid-19. However, Defendants instructed Plaintiff to quarantine and told Plaintiff she could return to work on November 21, 2020.

31.      During the entire time Plaintiff was out on quarantine, Plaintiff called Defendants' disability and leave services department every work day in an attempt to follow up on her accommodation request. Plaintiff was repeatedly told that her request was being escalated to a manager, but Plaintiff received no response.

32.      Accordingly, as a single parent, Plaintiff needed income and had no option at the time other than to return to work on November 21, 2020 without an accommodation. By the end of Plaintiff's six (6) hour shift, she was in a tremendous amount of pain and had severely swollen feet. Plaintiff struggled to walk to her car after her shift. That night, Plaintiff could not walk without experiencing a great deal of pain and could not complete basic household chores.

33.      On November 22, 2020, Plaintiff again called Defendants and asked about the status of her accommodation request to no avail. Plaintiff was still limping and could barely put weight on her right foot. At about the fifth hour of her scheduled shift without an accommodation, Plaintiff could not tolerate the pain any longer. She limped her way to Human Resources and informed them that she needed to leave an hour early due to her pain. Plaintiff informed Defendants that she was in severe pain because she was being forced to work without an accommodation. Plaintiff again told Defendants that she had requested an accommodation on October 31, 2020 and had not received a response.

34.      On November 23, 2020, Plaintiff, once again, had no option but to go to work without an accommodation. As Plaintiff's condition had worsened, Plaintiff went to work with an orthotic boot on her right foot. When Plaintiff proceeded to enter the fulfillment center, Plaintiff was stopped by Defendants' security as her ID badge did not work. The security guard informed Plaintiff that her ID badge was inactive and that she would need to wait outside for a human resources representative. After waiting for over an hour outside, a human resources representative informed Plaintiff that she was suspended without pay until Defendants could resolve her request for accommodation. The representative told Plaintiff that she could not come back to work because she could get injured.

CLASS ACTION COMPLAINT

Plaintiff responded that it was already too late for that and showed the representative the orthotic boot she was wearing.

35.     On November 23, 2020, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing for discrimination based on disability and medical condition.

36.     On November 24, 2020, Plaintiff received a missed call from Yaneisy Belette ("Belette"), who left a message stating she would be Plaintiff's case manager in charge of handling Plaintiff's accommodation request. Plaintiff called Belette multiple times throughout the day but could not get a hold of her.

37.     On November 26, 2020, Plaintiff e-mailed Belette explaining that Plaintiff had tried to get a hold of Yaneisy on multiple occasions, that Defendants had not responded to her accommodation requests, and that due to working without an accommodation, Plaintiff's feet were severely swollen to a point where she could not walk or provide basic care for herself and her child. Belette responded to Plaintiff's e-mail stating Plaintiff's case was pending. Plaintiff responded to that e-mail, asking Belette how Defendants could be attempting to accommodate her without anyone having even talked to Plaintiff.

38.     Shortly thereafter on November 26, 2020, Belette called Plaintiff and was able to get a hold of Plaintiff. Belette informed Plaintiff that her only option was to take a leave of absence. Plaintiff responded by saying she did not need to take a leave of absence, but rather needed an accommodation to continue working. Plaintiff explained to Belette that her medical condition started causing her too much pain around the fourth (4th) to fifth (5th) hour of her shift and that Plaintiff needed modifications to her work schedule.

39.     On November 26, 2020, instead of addressing Plaintiff's accommodation request, Defendants placed Plaintiff on a leave of absence, against Plaintiff's will or consent, and placed Plaintiff on a leave of absence retroactively from November 23, 2020 to December 14, 2020.

40.     On November 28, 2020, Defendants sent Plaintiff an e-mail stating Plaintiff had requested a leave of absence, and Plaintiff needed to have her doctor submit another medical packet to Defendants. Plaintiff immediately replied to Defendants' e-mail, stating she did not request a leave of absence, was fit for work, and the leave of absence needed to be cancelled.

41.    On November 28, 2020, Plaintiff received a call from Belette informing Plaintiff that Defendants were offering Plaintiff a temporary accommodation as a Social Distancer, which, ironically, involved walking the length of the fulfillment center throughout the entirety of the shift, reminding employees to socially distance. Defendants knew or should have known that Plaintiff was fully capable of performing the duties of her position at the time, which was removing packages from the assembly line on the dock and placing them on pallets, and only need her schedule to be shortened. Instead, Defendants offered to change her position to a temporary "light duty" position that involved the same number of hours worked and involved standing and walking for the entirety of her unmodified work shift. Plaintiff informed Belette that she did request and did not need a temporary change of position, but rather needed an accommodation. During that phone call with Belette, Plaintiff reiterated that she needed to have her shifts limited to four (4) to five (5) hour shifts instead of the schedule six (6) hour shifts due to the pain and swelling she felt at around the fourth (4th) to fifth (5th) hour of work. Belette informed Plaintiff that this would be her accommodation until Defendants could figure out a permanent accommodation. Belette further informed Plaintiff that Plaintiff needed to get another doctor's note, despite Defendants having not accommodated Plaintiff's original request for an accommodation.

42.    Plaintiff was then instructed by Defendants to return to work on November 29, 2020 with a printed copy of Defendants' e-mail stating Plaintiff was to be put on light duty.

43.    When Plaintiff reported to work on November 29, 2020, she was again denied access to Defendants' building. Security again informed Plaintiff that she was suspended. Plaintiff left feeling extremely distraught, defeated, and aggravated.

44.    After receiving another e-mail from Defendants requesting documentation for Plaintiff's unrequested leave of absence, Plaintiff contacted Defendants and spoke to Ashley Dixon ("Dixon"), who was overseeing Plaintiff's leave of absence. Plaintiff informed Dixon that Belette had requested Plaintiff's leave of absence without Plaintiff's consent, that Plaintiff had instead requested an accommodation, and that Plaintiff was ready and willing to work. Plaintiff requested her leave of absence be cancelled.

45.    On December 1, 2020, Plaintiff received an e-mail from Dixon stating Defendants

CLASS ACTION COMPLAINT

had received Plaintiff's request for a leave of absence on November 27, 2020 and that as of December 1, 2020, her leave of absence was cancelled.

46.     Later that day, Belette called Plaintiff and berated Plaintiff for cancelling her leave of absence. Belette yelled at Plaintiff and informed Plaintiff that she could lose her job if she did not take a leave of absence. Belette continued to speak for and on behalf of Plaintiff regarding Plaintiff's own disability and medical condition and stated that it was not safe for Plaintiff to work and that Plaintiff was not fit for work, when Plaintiff expressly and repeatedly informed Defendants that she was fit and ready to work. Plaintiff again reminded Belette that she was fit and willing to work and could not afford to go without a paycheck until December 14, 2020. Plaintiff told Belette that she feels like she is being punished for requesting a reasonable accommodation and asked Belette to stop bullying her into taking a leave of absence when she did not want or need a leave of absence.

47.     On December 1, 2020, Plaintiff again visited her podiatrist in order to get a new doctor's note as per Defendants' request. Plaintiff's podiatrist modified Plaintiff's original doctor's note to include a limitation of four (4) to five (5) hour shifts, a limitation of twenty (20) hours per week on staggered days (i.e., not consecutive days), and no standing in place for more than fifteen (15) minutes. Plaintiff's doctor's note was uploaded to Defendants' employee portal on December 1, 2020.

48.     Shortly after uploading the doctor's note, Plaintiff contacted Belette, informed Belette that she had uploaded the modified doctor's note, and asked if she could go to work for her evening shift. Belette told Plaintiff that she could not go into work because Defendants had to now address Plaintiff's newly submitted doctor's note.

49.     On December 1 and 2, 2020, Plaintiff did not report to work as she was explicitly instructed by Belette to not go to work until Defendants had addressed Plaintiff's accommodation request.

50.     On December 3, 2020, Defendants sent Plaintiff an "Amazon Job Abandonment Notice" e-mail stating she had missed two (2) consecutive shifts of work and that if she did not return to work, Plaintiff's position would be considered abandoned.  Plaintiff immediately contacted Defendants and explained that Plaintiff had been instructed not to work. Defendants once again

CLASS ACTION COMPLAINT

informed Plaintiff that she had to take a leave of absence or Defendants' system would assume she had quit her job.

51. On December 3, 2020, Belette's supervisor, Nancy Rowland ("Rowland"), contacted Plaintiff and stated she would e-mail Plaintiff her contact information and handle the job abandonment issue. Plaintiff never received such an e-mail from Rowland. Plaintiff reached out to Defendants that afternoon to try to get in touch with Rowland, but Defendants did not give Plaintiff Rowland's contact information.

52. On December 4, 2020, Plaintiff received another e-mail from Defendants stating Plaintiff had missed three (3) days of work and would begin termination proceedings. Plaintiff again contacted Defendants and Defendants told Plaintiff she would need to return to work in order to avoid termination.

53. On December 4, 2020, Plaintiff reported to work for her scheduled shift and took with her the original doctor's note and the new doctor's note. Plaintiff clocked in and reported to her supervisor. Plaintiff explained to her supervisor that she had been assigned to work without any accommodations and had only been offered a temporary assignment as a Social Distancer. Plaintiff and her supervisor both agreed that she should work her current position, as working as a Social Distancer and walking the length of the building throughout her shift would be harder on her legs and feet. Plaintiff informed her supervisor that she would need to end her shift around the four (4) to five (5) hour mark as per her doctor's note because that is around the time her feet start to swell and when she starts to experience extreme pain and discomfort. After four-and-a-half (4.5) hours of working, Plaintiff informed her supervisor that she was leaving and clocked out. Plaintiff then reported to human resources that she was leaving early. A representative from human resources proceeded to yell at Plaintiff that she could not work until Defendants issued an accommodation that matched her doctor's note. The representative yelled at Plaintiff to not come back until Defendants had issued the proper accommodation. The representative told Plaintiff that her ID badge had been disabled and her timecard was locked.

54. On December 5, 2020, Plaintiff contacted Defendants and explained that she had been instructed not to come to work. Once again, Defendants stated someone would contact her.

CLASS ACTION COMPLAINT

55.     On December 11, 2020, Plaintiff was contacted by Luisa Alzaga ("Alzaga") who stated she would be Plaintiff's new point of contact. Alzaga told Plaintiff she would not receive any back pay for the days Plaintiff was forced to stay out of work and reprimanded Plaintiff for not having taken a leave of absence. Alzaga told Plaintiff that she would have been better off receiving sixty (60) percent of her pay while out on leave of absence. Again, Plaintiff disagreed and stated she did not need to take a leave of absence as she was ready, willing, and fit for duty.

56.     Later that day on December 11, 2020, Plaintiff received an e-mail from Alzaga, informing Plaintiff that Alzaga was "still waiting for a response from the site" and that Alzaga "resent the accommodation recommendation today."

57.     After forty-one (41) days of not receiving a response to her accommodation request, continued insistence by Defendants that Plaintiff take a leave of absence, notices of termination for job abandonment juxtaposed with beratement for showing up to work, and prolonged suffering of financial hardship due to suspension without pay, it became abundantly clear to Plaintiff that Defendants had no intention of accommodating Plaintiff's work schedule. Accordingly, on or before December 11, 2020, Plaintiff considered herself having been constructively terminated by Defendants.

58.     On December 11, 2020, Plaintiff sent an e-mail to Defendants stating that she had been effectively terminated by being in a state of limbo, without pay, while waiting for numerous employees from various departments to address her accommodation request only to repeatedly be given blanket excuses and canned responses.

59.     By implementing and enforcing a "no restrictions" policy on its employees, Defendants, as a matter of policy, forced and/or pushed its employees to take unpaid leave of absences instead of granting accommodations.

60.     Upon information and belief, Defendants retaliated against Plaintiff and others similarly situated for exercising rights under California's Fair Employment Housing Act ("FEHA"), for insisting that their medical needs be accommodated, and/or for complaining about, reporting, or perceivably reporting Defendants' discriminatory acts, by ignoring, delaying, or denying requests for accommodations, demoting, terminating, or constructively terminating the employment of

Plaintiff and others similarly situated.

61. By forcing Plaintiff and other aggrieved employees to take leave of absences and/or retaliating against Plaintiff and other aggrieved employees for exercising one or more rights afforded to them under FEHA, Defendants are in violation of, among others, Government Code §§ 12940(a), 12940(h), 12940(k), 12940(m), and 12940(n).

<u>**CLASS ACTION ALLEGATIONS**</u>

62. Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt and/or hourly employees, and thus seeks class certification under Code of Civil Procedure § 382.

63. All claims alleged herein for which Plaintiff seeks relief arise under California law and are authorized by California law.

64. The proposed Class consists of and is defined as:

> All current and/or former non-exempt employees that worked for
> Defendants in California within four (4) years prior to the filing of
> this Complaint and had a disability or medical condition or were
> otherwise considered disabled under FEHA.

65. The proposed subclasses consist of and are defined as:

> DISABILITY DISCRIMINATION SUBCLASS: All members of
> the Class who were subjected to unlawful discrimination based on a
> disability (actual or perceived) and/or medical condition (actual or
> perceived).

> FAILURE TO PREVENT DISCRIMINATION SUBCLASS: All
> members of the Class who were subjected to unlawful discrimination
> based on a disability (actual or perceived) and/or medical condition
> (actual or perceived) and where Defendants were aware of and failed
> to prevent such discrimination.

> FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

- 12 -

| | | |
|---|---|---|
| 1 | | SUBCLASS: All members of the Class who were subjected to |
| 2 | | Defendants' failure to provide reasonable accommodations for a |
| 3 | | disability (actual or perceived) and/or medical condition (actual or |
| 4 | | perceived). |
| 5 | | FAILURE TO PROVIDE A TIMELY, GOOD FAITH |
| 6 | | INTERACTIVE PROCESS SUBCLASS: All members of the Class |
| 7 | | who were subjected to Defendants' failure to provide a timely, good |
| 8 | | faith interactive process. |
| 9 | | RETALIATION IN VIOLATION OF FEHA SUBCLASS: All |
| 10 | | members of the Class who were retaliated against for engaging in |
| 11 | | protected activity under FEHA. |
| 12 | | RETALIATION IN VIOLATION OF PUBLIC POLICY |
| 13 | | SUBCLASS: All members of the Class who were retaliated against |
| 14 | | for engaging in protected activity under state public policy. |
| 15 | 66. | Plaintiff reserves the right to establish additional subclasses as appropriate. |
| 16 | 67. | At all material times, Plaintiff was a member of the Class. |
| 17 | 68. | There is a well-defined community of interest in the litigation and the Class is |
| 18 | readily ascertainable: | |
| 19 | (a) | Numerosity: The members of the class (and each subclass, if any) are so |
| 20 | | numerous that joinder of all members would be unfeasible and impractical. |
| 21 | | The membership of the entire class is unknown to Plaintiff at this time; |
| 22 | | however, the class is estimated to be greater than one hundred (100) |
| 23 | | individuals and the identity of such membership is readily ascertainable by |
| 24 | | inspection of Defendants' employment records. |
| 25 | (b) | Typicality: Plaintiff is qualified to, and will, fairly and adequately protect |
| 26 | | the interests of each class member with whom there is a shared, well-defined |
| 27 | | community of interest. Plaintiff's claims (or defenses, if any) are typical of |
| 28 | | all Class members' as demonstrated herein. |

- 13 -

CLASS ACTION COMPLAINT

1        (c)   <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect

2   the interests of each Class member with whom there is a shared, well-

3   defined community of interest and typicality of claims, as demonstrated

4   herein.  Plaintiff acknowledges that Plaintiff has an obligation to make

5   known to the Court any relationship, conflicts or differences with any Class

6   member.  Plaintiff's attorneys, the proposed Class counsel, are versed in the

7   rules governing class action discovery, certification, and settlement.

8        (d)   <u>Superiority</u>:  The nature of this action makes the use of class action

9   adjudication superior to other methods.  Class action will achieve economies

10  of time, effort, and expense as compared with separate lawsuits, and will

11  avoid inconsistent outcomes because the same issues can be adjudicated in

12  the same manner and at the same time for the entire class.

13       (e)   <u>Public Policy Considerations</u>:  Employers in the State of California violate

14  employment and labor laws every day.  Current employees are often afraid

15  to assert their rights out of fear of direct or indirect retaliation.  Former

16  employees are fearful of bringing actions because they believe their former

17  employers might damage their future endeavors through negative references

18  and/or other means.  Class actions provide the Class members who are not

19  named in the complaint with a type of anonymity that allows for the

20  vindication of their rights at the same time as their privacy is protected.

21     69.   There are common questions of law and fact as to the Class (and each subclass, if

22  any) that predominate over questions affecting only individual members, including but not limited

23  to:

24       (a)   Whether Defendants knew of Plaintiff and Class members physical or

25  medical condition;

26       (b)   Whether Plaintiff and Class members were able to perform essential job

27  duties;

28       (c)   Whether Plaintiff and Class members were subjected to adverse employment

1    action;

2    (d)    Whether Plaintiff and Class members physical or medical condition was a

3           substantial motivating reason for Defendants' adverse employment action;

4    (e)    Whether Plaintiff and Class members requested that Defendant provide

5           reasonable accommodation for Plaintiff and Class members physical or

6           medical condition in order to perform essential job requirements;

7    (f)    Whether Defendants failed to participate in a timely, good-faith interactive

8           process with Plaintiff and Class members to determine whether a reasonable

9           accommodation could be made;

10   (g)    Whether Defendants failed to take all reasonable steps to prevent

11          harassment, discrimination, or retaliation; and

12   (h)    The appropriate amount of damages, restitution, or monetary penalties

13          resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION

### Disability Discrimination (Government Code § 12940(a))

### (Plaintiff and Class against all Defendants)

17   70.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

18   71.    At all times relevant, Plaintiff was an employee of Defendants, protected by

19   Government Code § 12940(a), *et seq.*, which prohibits discrimination and harassment in

20   employment on the basis of disability.

21   72.    At all times material hereto, Defendants were employers within the meaning of

22   California Government Code § 12926, and, as such, were prohibited from discriminating in regard

23   to terms, conditions, or privileges of employment, including demotion decisions and terminations,

24   on the basis of disability.

25   73.    Plaintiff and the Class are disabled employees within the meaning of Government

26   Code § 12940(a), *et seq.*

27   74.    Plaintiff and the Class were subjected to unlawful discrimination based on a

28   disability, including, but not limited to, the following: When Plaintiff and the Class requested a

reasonable accommodation, Defendants failed to provide a timely response to the point where Plaintiff and the Class suffered financial hardship, forced Plaintiff and the Class to take leaves of absence without their consent and urged them to take a leave of absence based on threats of termination and coercion of continued benefits, employment, and reduced pay, and/or suspended, terminated, constructively terminated her employment, and/or otherwise mistreated Plaintiff based on Plaintiff's disability.

75. Defendants knew or should have known of these and other discriminatory and harassing actions taken against Plaintiff and the Class.

76. Despite Defendants' actual and/or constructive knowledge of the above mentioned discrimination, they failed to take immediate and appropriate corrective action to stop the discrimination.

77. Plaintiff and the Class were discriminated against as a direct result of their disability.

78. Consequently, Plaintiff and the Class have thereby been subjected to discriminatory treatment and harassment by Defendants because of their disability, as discussed above, in violation of Government Code § 12940(a).

79. As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff and the Class have suffered, and continue to suffer, damages in an amount according to proof at trial.

80. Plaintiff and the Class are informed and believe, and thereon allege, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and the Class and that such improper motives amounted to malice and a conscious disregard of their rights as set forth in Government Code § 12940(a). An award of punitive damages against Defendants is therefore warranted.

81. As a result of the discriminatory conduct of Defendants, as alleged herein, Plaintiff, individually, and on behalf of Class members, is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

/ / /

/ / /

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**Failure to Prevent Discrimination (Government Code § 12940(k))**

**(By Plaintiff and Class against all Defendants)**

82.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

83.     Under Government Code § 12940(k), Defendants, at the time of the wrongful conduct against Plaintiff and the Class described herein, knew that it was an "unlawful employment practice," against the law, and a disregard for their rights "for an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

84.     Plaintiff and the Class were subjected to harassment and/or discrimination as set forth above based on their disability and/or medical condition.

85.     Defendants were aware of this harassment and/or discrimination.

86.     Defendants failed to conduct an adequate investigation in regards to said harassment and/or discrimination or to take any action whatsoever to eliminate or remedy that harassment and/or discrimination.

87.     Therefore, Defendants failed to take reasonable steps to prevent Plaintiff and the Class from being unlawfully discriminated against and/or harassed.

88.     As a direct, foreseeable and proximate result of Defendants' actions and conduct, Plaintiff and the class have suffered and incurred, and continue to suffer and incur, substantial loss of earnings, bonuses, and other employment benefits, as well as losses incurred in seeking substitute employment, all to Plaintiff and the Class'damage in an amount according to proof at trial.

89.     As a further direct, foreseeable, and proximate result of Defendants' actions, Plaintiff and the class have  suffered and continue to suffer severe and lasting embarrassment, humiliation, and mental anguish, and other incidental and consequential damages and expenses, all to Plaintiff and the Class' damages in an amount according to proof at trial.

90.     Plaintiff and the Class are informed and believe, and thereon allege, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and the Class and that such improper motives amounted to malice and a conscious disregard of their rights as set forth in Government Code §

1  12940(a). An award of punitive damages against Defendants is therefore warranted.

2      91.    As a result of the discriminatory conduct of Defendants as alleged herein, Plaintiff,

3  individually, and on behalf of Class members, is entitled to costs of suit, including reasonable

4  attorneys' fees, pursuant to Government Code § 12965(b), in an amount according to proof at trial.

5  **THIRD CAUSE OF ACTION**

6  **Failure to Provide a Reasonable Accommodation (Government Code §12940(m))**

7  **(By Plaintiff and Class against all Defendants)**

8      92.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

9      93.    At all times material hereto, Plaintiff and the Class were employees of Defendants

10  and was covered and protected by California Government Code § 12940(m).

11      94.    Under Government Code § 12940(m), Defendants, at the time of the wrongful

12  conduct against Plaintiff and the Class described herein, knew that it was an "unlawful employment

13  practice," against the law, and a disregard of their rights "for an employer or other entity covered by

14  this part to fail to make reasonable accommodation for the known physical or mental disability of an

15  applicant or employee."

16      95.    Defendants, at the time of the wrongful conduct against Plaintiff and the Class

17  described herein, knew or should have known, that under Government Code, Section 12926(n), 2

18  Cal.C.Regs. § 7293.9 (a) and relevant case law, employers, who are aware of the employee's

19  disability or at least perceive a disability (disability including "any" limitation on a "major life

20  activity" including work), have an "affirmative duty" to make "reasonable accommodations" for that

21  employee which include, but are not limited to:

22      (a)    A leave of absence [beyond the limits of those required under the CFRA];

23      (b)    Job restructuring;

24      (c)    Offering part-time or modified work schedules;

25      (d)    Preferential consideration in the reassignment of existing employees, [including

26      the transferring or termination of harassers];

27      (e)    Reassigning to a vacant position;

28      (f)    Adjusting or modifying policies [including leave policies];

CLASS ACTION COMPLAINT

1       (g)    Other similar accommodations for individuals with disabilities; and

2       (h)    Transferring a harasser or otherwise stopping the harassment.

3       96.    Plaintiff and the Class specifically requested accommodations on multiple occasions
4 to no avail.

5       97.    Plaintiff and the Class are informed and believe, and thereon allege, that Defendants
6 committed the acts described above deliberately, callously, maliciously, fraudulently and in an
7 oppressive manner intended to injure him and that such improper motives amounted to malice and a
8 conscious disregard of his rights as set forth in Government Code § 12940(m). An award of punitive
9 damages against Defendants is therefore warranted.

10       98.    As a result of the discriminatory conduct of Defendants as alleged herein, Plaintiff,
11 individually, and on behalf of Class members, is entitled to costs of suit, including reasonable
12 attorneys' fees, in an amount according to proof at trial.

13 **FOURTH CAUSE OF ACTION**

14 **Failure to Provide a Timely, Good Faith, Interactive Process (Government Code § 12940(n))**
15 **(By Plaintiff and Class against all Defendants)**

16       99.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

17       100.    At all times material hereto, Plaintiff and the Class were employees of Defendants
18 and were covered and protected by California Government Code § 12940(n).

19       101.    Under Government Code § 12940(n), Defendants, at the time of the wrongful conduct
20 against Plaintiff and the Class described herein, knew that it was an "unlawful employment
21 practice," against the law, and a disregard for their rights "for an employer or other entity covered
22 by this part to fail to engage in a timely, good faith, interactive process with the employee or
23 applicant to determine effective reasonable accommodations, if any, in response to a request for
24 reasonable accommodation by an employee or applicant with a known physical or mental disability
25 or known medical condition."

26       102.    Defendants, at the time of the wrongful conduct against Plaintiff and the Class
27 described herein, knew or should have known, of their right to a timely, good faith interactive
28 process and to have their disabilities and/or perceived disabilities accommodated under Government

Code § 12940(n), which is a separate and distinct right and includes many potential "reasonable accommodations" for an employee's disability and/or perceived disability.

103. Plaintiff and the Class repeatedly asked for an accommodation. Rather than accommodate their disability, Defendants failed to timely provide Plaintiff and the Class with a reasonable accommodation, forced and/or coerced Plaintiff and the Class into taking an unwanted leave of absence, harassed Plaintiff and the Class about not taking and/or keeping their unwanted leaves of absence, kept Plaintiff and the Class out of work for prolonged periods of time, and constructively terminated Plaintiff and the Class' employment based, in substantial part, on Plaintiff and the Class' inability to work without an accommodation due to their physical disability.

104. Plaintiff and the class are informed and believe, and thereon allege, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and the Class and that such improper motives amounted to malice and a conscious disregard of their rights as set forth in Government Code § 12940(n). An award of punitive damages against Defendants is therefore warranted.

105. As a result of the discriminatory conduct of Defendants as alleged herein, Plaintiff, individually, and on behalf of Class members, is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of the Fair Employment and Housing Act ("FEHA")

### (Government Code § 12940(h))

### (By Plaintiff and Class against all Defendants)

106. Plaintiff incorporates all paragraphs above as though fully set forth herein.

107. Under Government Code § 12940(h), Defendants, at the time of the wrongful conduct against Plaintiff and the Class described herein, knew that it was an "unlawful employment practice," against the law, and a disregard for their rights "[f]or an employer… to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [Government Code § 12940]…"

108. At all times material hereto, Defendants were prohibited from discriminating against

CLASS ACTION COMPLAINT

employees who oppose practices forbidden by FEHA.

109.    Defendants retaliated against Plaintiff and the Class based on their actual and/or perceived disabilities.

110.    Additionally, Defendants retaliated against Plaintiff and the Class because they opposed Defendants' discrimination and harassment of Plaintiff and the Class based on their actual and/or perceived disabilities.

111.    Specifically, shortly after Plaintiff requested an accommodation, complained about Defendant's lack of providing a reasonable accommodation, and filed a Complaint with the California Department of Fair Employment and Housing for discrimination, Defendants gave Plaintiff the runaround for over one (1) month, forced and/or coerced Plaintiff into taking an unwanted leave of absence, harassed Plaintiff about not taking and/or keeping her unwanted leave of absence, kept Plaintiff out of work for prolonged periods of time, and constructively terminated Plaintiff's employment. Upon information and belief, Defendants similarly retaliated against Class members because they opposed Defendants' discrimination and harassment based on actual and/or perceived disabilities.

112.    Such conduct as described herein violates Government Code § 12940(h), which makes it unlawful to discharge, expel, or otherwise discriminate against an employee because the employee has opposed discriminatory and/or harassing practices.

113.    As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of Defendants' conduct, Plaintiff and the Class will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at the time of trial.

114.    As a further direct and proximate result of these Defendants' conduct, Plaintiff and the Class have suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

115. Plaintiff and the Class are informed and believe, and thereon allege, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure him and that such improper motives amounted to malice and a conscious disregard of his rights as set forth in Government Code § 12940(k). An award of punitive damages against Defendants is therefore warranted.

116. As a result of the discriminatory conduct of Defendants as alleged herein, Plaintiff, individually, and on behalf of Class members, is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### Retaliation and Wrongful Termination in Violation of Public Policy

### (By Plaintiff and Class against all Defendants)

117. Plaintiff incorporates all paragraphs above as though fully set forth herein.

118. At all times material hereto, Plaintiff and the Class were employees of Defendants.

119. At all times material hereto, the following statute was in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon Defendants at the time of Plaintiff's employment:

- **Cal. Gov. Code § 12940, *et seq.*** embodies a fundamental state public policy and prohibits harassment, discrimination, retaliation, and failure to prevent discrimination based on disability.

120. Defendants further violated the law and the well-settled public policy set forth in Cal. Gov. Code § 12940(a), *et seq.*, by harassing, discriminating against, retaliating against, failing to prevent discrimination, retaliation, and harassment, and by ultimately suspending and/or placing in an inferior position Plaintiff and the Class' employment based on Plaintiff and the Class' disability.

121. Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff and the Class's rights under the law, by retaliating against Plaintiff and the Class' employment in contravention of the public policies set forth therein.

122. As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff and

- 22 -

CLASS ACTION COMPLAINT

the Class have suffered, and continues to suffer, damages in an amount according to proof at trial.

123. Plaintiff and the Class are informed and believe, and thereon allege, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure him and that such improper motives amounted to malice and a conscious disregard of his rights. Pursuant to Civil Code § 3294, an award of punitive damages against Defendants is therefore warranted.

124. As a result of the illegal conduct of Defendants, as alleged herein, Plaintiff, individually, and on behalf of Class members, is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

<u>SEVENTH CAUSE OF ACTION</u>

**Unfair Business Practices (Business & Professions Code § 17200, *et seq.*)**

**(By Plaintiff and Class against all Defendants)**

125. Plaintiff incorporates all paragraphs above as though fully set forth herein.

126. Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

127. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Class members, and to the general public. Plaintiff and the Class seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

128. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, *et seq.*, by providing Defendants with an unfair competitive advantage over employers who comply with FEHA and other California law.

129. A violation of California Business & Professions Code § 17200, *et seq.* may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, the California Government Code, and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair,

CLASS ACTION COMPLAINT

unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, *et seq.*

### Disability Discrimination

130. Defendants' discrimination based on disability in violation of Government Code § 12940(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, *et seq.*

### Failure to Prevent Discrimination

131. Defendants' failure to prevent discrimination and/or harassment in violation of Government Code § 12940(k), as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, *et seq.*

### Failure to Provide a Reasonable Accommodation

132. Defendants' failure to provide a reasonable accommodation in violation of Government Code § 12940(m), as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, *et seq.*

### Failure to Provide a Timely, Good Faith, Interactive Process

133. Defendants' failure to provide a timely, good faith, interactive process in violation of Government Code § 12940(n), as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Retaliation in Violation of FEHA

134. Defendants' retaliation against employees for engaging in protected activity in violation of Government Code § 12940(h), as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

135. By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and/or services from Plaintiff and the Class, and all persons similarly situated, and have deprived Plaintiff and the Class, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

136. Plaintiff and Class members suffered monetary injury as a direct result of Defendants'

CLASS ACTION COMPLAINT

wrongful conduct.

137.   Plaintiff, individually, and on behalf of Class members, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and Class members are not obligated to establish individual knowledge of the unfair practices in order to recover restitution.

138.   Plaintiff, individually, and on behalf of Class members, is further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

139.   Plaintiff, individually, and on behalf of Class members, has no plain, speedy, and/or adequate remedy at law to redress the injuries that he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representatives of the Class;

3.   That counsel for Plaintiff be appointed as Class Counsel;

4.   For actual damages, including loss of past and future earnings, in an amount according to proof at trial;

5.   For general and special damages, including but not limited to, pain and suffering, emotional distress, and loss of reputation in an amount according to proof at trial;

6.   For consequential and incidental damages and expenses in an amount according to

CLASS ACTION COMPLAINT

proof at trial;

       7.     For punitive damages in an amount according to proof at trial;

       8.     For reasonable attorneys' fees according to proof at trial;

       9.     For all unpaid wages and expenses according to proof at trial;

       10.    For injunctive relief, as applicable, to ensure compliance with the law;

       11.    For any and all penalties under the law, including statutory and civil penalties;

       12.    For restitution and disgorgement of all unpaid wages and injunctive relief according to proof at trial;

       13.    Damages for consequential financial losses and additional emotional distress damages, increasing with each day, as described above in an amount to be determined by the jury at the trial of this matter;

       14.    Damages pursuant to Government Code § 12965(b) and California Code of Civil Procedure § 1021.5, for litigation costs, expert costs, and attorneys' fees incurred herein;

       15.    For pre-judgment and post-judgment interest, all at the legal prevailing rate;

       16.    For costs of suit incurred herein; and

       17.    For such other and further relief as the court may deem just, proper, and equitable.

Dated: November 4, 2021          PETRONELLI LAW GROUP, PC

By: _____
               CHRISTIAN J. PETRONELLI, ESQ.

OPTIMUM EMPLOYMENT LAWYERS

By: _____
            /s/ Dean S. Ho, Esq.
               DEAN S. HO, ESQ.

Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial.

Dated:  November 4, 2021                    PETRONELLI LAW GROUP, PC

By: _____

CHRISTIAN J. PETRONELLI, ESQ.

OPTIMUM EMPLOYMENT LAWYERS

By:   /s/ Dean S. Ho, Esq.

_____
DEAN S. HO, ESQ.

Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT

# EXHIBIT B

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Christian J. Petronelli, Esq. (SBN 284522); Dean S. Ho, (SBN 297357)
Petronelli Law Group, PC
295 Redondo Ave. Ste. 201
Long Beach, CA 90803

TELEPHONE NO.: (888)855-3670　　FAX NO.: (888) 449-9675
ATTORNEY FOR *(Name):* Plaintiff MICHELLE RIZVANOVIC

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
**11/4/2021 2:43 PM**
**Kern County Superior Court**
**By Vickie Fogerson, Deputy**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF　KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: 1415 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metropolitan Courthouse

CASE NAME:
MICHELLE RIZVANOVIC v. AMAZON.COM SERVICES, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BCV-21-102647 |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. ☐ Large number of separately represented parties
　b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
　c. ☐ Substantial amount of documentary evidence
　d. ☑ Large number of witnesses
　e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
　f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary　b. ☑ nonmonetary; declaratory or injunctive relief　c. ☑ punitive
4. Number of causes of action *(specify):* seven (7)
5. This case ☑ is ☐ is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/4/2021
Christian Petronelli, Esq. (SBN 284522)
(TYPE OR PRINT NAME)　　　　▶　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit B

# EXHIBIT C

Exhibit C
Page 34

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
11/15/2021
Kern County Superior Court
By Vickie Fogerson, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC, a California limited liability company and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHELLE RIZVANOVIC, individually and on behalf of all other persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kern County Superior Court

**CASE NUMBER:**
*(Número del Caso):* BCV-21-102647

Metropolitan Courthouse
1415 Truxtun Avenue, Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christian Petronelli, Esq. (SBN 28452), 295 Redondo Ave., Suite 201, Long Beach CA 90803, (888) 855-3670
Dean S. Ho, Esq. (SBN 297357),7545 Irvine Center Dr., Ste 200 Irvine, CA 92618, (949) 954-8181

DATE:
*(Fecha)* 11/15/2021       TAMARAH HARBER-PICKENS       Clerk, by *Vickie M.* , Deputy
*(Secretario)*                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
Exhibit C
Page 35

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT D



**Tamarah Harber-Pickens**
Clerk of the Superior Court

**SUPERIOR COURT**
Telephone 661-868-5393
1415 Truxtun Avenue
Bakersfield CA 93301

TO: CHRISTIAN J. PETRONELLI,
ATTORNEY

Date :         **11/16/2021**
Case No.:    **BCV-21-102647**

**RETURNED VIA E-FILE**

Case Name:  **MICHELLE RIZVANOVIC, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED VS AMAZON.COM SERVICES, LLC**

Document:  **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

The attached papers are being returned for the following reason(s):  ☐ Check # _____ Returned

☐ This pleading does not appear to be for Superior Court, Kern County.
☐ The attached document is an improper *ex-parte* communication and has not been considered by the Court.
☐ Fee of $_____ required or a Request to Waive Court Fees must be submitted.
☐ **Application for Waiver of Fees missing attachment(s):**
    ☐ Last three (3) paystubs, if employed.
    ☐ Certified Copy of Statement of Account for previous six (6) months certified by Dept. of Corrections
    ☐ Trust Account Withdrawal Order form (CDC form 193) completed by the Dept. of Corrections indicating $3.00 fee to Dept. of Corrections has been paid or insufficient funds in the account to cover.
☐ Does not conform to Rule 2.100-2.119, California Rules of Court, as to form and format.
☐ Superior Court case number is wrong, incomplete, or missing.
☐ Consolidated matter: All consolidated case numbers must be listed in the heading with the lead case listed first.
☐ Consolidated matter:
☐ Title is incorrect or missing parties.
☐ Summons does not conform to complaint/cross-complaint/petition.
☐ Not an original. Copies are not acceptable.
☐ Copies must be provided if *endorsed* copies are requested. Submit one original plus _____ copy(ies).
☐ Does not conform to Kern County Local Rule/Code:
☐ Must use Mandatory Judicial Council form.
☐     is not eligible for filing. Reason:
☐ Item(s) #    incomplete.
☐ Missing required forms/attachment:
☐ Original Will must be presented at the time of filing petition.
☐ Signature missing:
☐ Date and place of execution not completed.
☐ Document(s) must be verified.
☐ Show date, time, and location of hearing pursuant to California Rules of Court.
☐ The date you have noticed this matter is a Court holiday/weekend.
☐ Acknowledgement of Receipt/Citation must be attached to the completed proof of service.
☐ Attach Proof of Service on opposing party.
☐ Correct Proof of Service**:**
☐ Not appraised by the Probate Referee.
☐ Order/Judgment does not conform to the Court minutes.
☐ Order page does not contain enough information regarding case; need at least three lines of text with identifying information for order and case (short title case and case number).
☐ Dismissal cannot be entered for the following reasons:
☒ Other: **Document is a Los Angeles Superior Court form, not a Kern County Superior Court form.**

          **Tamarah Harber-Pickens**
          CLERK OF THE SUPERIOR COURT

          By: _Vickie Fogerson_____, Deputy Clerk

**ANY CORRESPONDENCE REQUIRING AN ANSWER FROM THE COURT MUST BE ACCOMPANIED BY A SELF-ADDRESSED STAMPED ENVELOPE LARGE ENOUGH TO RETURN DOCUMENTS**

Rev. 12/2017

**ANY CORRESPONDENCE REQUIRING AN ANSWER FROM THE COURT MUST BE
ACCOMPANIED BY A SELF-ADDRESSED STAMPED ENVELOPE LARGE ENOUGH TO RETURN DOCUMENTS**

Rev. 12/2017

# EXHIBIT E



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
### BAKERSFIELD COURT
### 1415 TRUXTUN AVENUE
### BAKERSFIELD CA 93301

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

NOVEMBER 16, 2021
BY *Vickie Fogerson* DEPUTY

**PLAINTIFF/PETITIONER:**
   MICHELLE RIZVANOVIC, INDIVIDUALLY AND ON BEHALF
   OF ALL OTHER PERSONS SIMILARLY SITUATED
**DEFENDANT/RESPONDENT:**
   AMAZON.COM SERVICES, LLC, A CALIFORNIA LIMITED
   LIABILITY COMPANY

**NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:

BCV-21-102647

By order of the presiding judge, the above entitled case is assigned to the Honorable J. Eric Bradshaw for all purposes. It will be managed on the direct calendar program in Bakersfield Division J until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **JEB** after the case number on all future pleadings filed in this case.

**Bakersfield Hearing Locations:**
Departments 1 through 18 are located at 1415 Truxtun Avenue, Bakersfield, CA 93301
Divisions A through L are located at 1215 Truxtun Avenue, Bakersfield, CA 93301

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **February 28, 2022** in **Bakersfield Division J** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable J. Eric Bradshaw on **May 16, 2022** at **8:30 AM** in **Bakersfield Division J**. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT: You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).**

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT: If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  November 16, 2021

Signed: 11/16/2021 8:17:05 AM

By:  *Vickie M*

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable J. Eric Bradshaw as monitoring judge.

Judge J. Eric Bradshaw has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division J. This will involve all cases in which the clerk has assigned the initials JEB to the complaint at the time of filing.  Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at (661) 868-7204.   Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm.  Click on the Non-Criminal Case Information link to enter the case number.  Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

<u>Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.</u>

Another judge will hear settlement conferences in cases assigned to Judge J. Eric Bradshaw.  However, those cases that do not settle will be set for trial before him/her.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case.  The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal ([https://odyprodportal.kern.courts.ca.gov/portalprod](https://odyprodportal.kern.courts.ca.gov/portalprod)).

Date of Posting:          November 16, 2021

Place of Posting:        Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date: November 16, 2021

Signed: 11/16/2021 8:17:05 AM

By:     *Vickie M*

Vickie Fogerson, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

**Page 4** of **4**

Exhibit E
Page 43

# EXHIBIT F

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christian Petronelli, 284522<br>Petronelli Law Group, PC<br>295 Redondo Avenue, Suite 201<br>Long Beach, CA 90803<br>TELEPHONE NO.: (888) 855-3670<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>**12/8/2021 11:25 AM**<br>**Kern County Superior Court**<br>**By Karren Blanton, Deputy** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Kern County<br>1415 Truxtun Avenue<br>Bakersfield, CA 93301-5216 | |

| PLAINTIFF/PETITIONER: Michael Rizvanovic, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Amazon.com Services, LLC, et al. | BCV-21-102647 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>90802 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons; Civil Case Cover Sheet; Complaint

3. a. Party served: AMAZON.COM SERVICES, LLC, a California limited liability company

   b. Person Served: CSC - Nicole Stauss - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
                                          Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 11/23/2021      (2) at (time): 1:50PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   AMAZON.COM SERVICES, LLC, a California limited liability company
   under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:      Tyler Anthony DiMaria
   b. Address:   One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
        (i) Employee or independent contractor.
        (ii) Registration No.: 2006-06
        (iii) County: Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 11/23/2021

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                     (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**
Exhibit F
Page 45