1  WALTER F. BROWN (STATE BAR NO. 130248)
    wbrown@paulweiss.com
2  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   535 Mission Street, 24th Floor
3  San Francisco, CA  94105
4  Telephone:   (628) 432-5111

5  LIZA M. VELAZQUEZ (*pro hac vice application to be submitted*)
    lvelazquez@paulweiss.com
6  DAVID W. BROWN (*pro hac vice application to be submitted*)
    dbrown@paulweiss.com
7  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
8  1285 Avenue of the Americas
   New York, NY  10019-6142
9  Telephone:   (212) 373-3000

10 Attorneys for Defendant
11 AMAZON.COM SERVICES, LLC

12                 UNITED STATES DISTRICT COURT
13                 EASTERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15  MICHELLE RIZVANOVIC, individually and on behalf of other persons similarly situated, | Case No. |
| 16   | **DECLARATION OF PETER NICKERSON IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES, LLC'S NOTICE OF REMOVAL OF CLASS ACTION** |
| 17             Plaintiff, | |
| 18      v. | |
| 19  AMAZON.COM SERVICES, LLC, a Delaware limited liability corporation, and DOES 1 through 10, inclusive, | |
| 20   | [Removal from the Superior Court of California, County of Kern, Case No. BCV-21-102647] |
| 21   | |
| 22             Defendants. | Complaint Filed: November 4, 2021 |

23
24
25
26
27
28

I, Peter Nickerson, hereby declare and state:

1. I am over the age of 18, and I am competent to attest to the facts set forth herein. I am making this declaration based upon my own knowledge, and, if sworn as a witness, I could and would testify competently to the facts contained in this Declaration.

2. I am an economist and the principal of Nickerson & Associates, LLC, a Seattle based consulting firm specializing in economic and statistical analyses, especially analyses that require the use of large data sets. I have an M.S. and a Ph.D., both in economics from the University of Washington. I have taught at the university level for over 30 years. I have worked on numerous cases alleging wage and hour violations and various types of discrimination in both federal and state courts. That work has included numerous assignments in which I calculated individual and class damages. I have qualified as an expert and testified in depositions and in trial in federal and state courts in Alaska, Washington, Oregon, California, Idaho, Texas, Arizona, and Virginia. I have attached my c.v. to this declaration as Attachment 1.

3. I have been asked by Defendant Amazon.com Services, LLC ("Amazon") to ascertain whether plaintiffs' damages as a putative class would exceed $5,000,000 were they to prevail on all claims enumerated in the Class Action Complaint brought by Michele Rizvanovic ("Plaintiff").

4. I have been provided by Amazon a copy of the Complaint. I have also received data concerning non-exempt employees who requested an accommodation at Amazon in California.

5. I have also collected data from the 2021 Economic Report of the President on unemployment rates and the duration of unemployment from 2017 through November 2021 and have reviewed data from the U.S. Department of Labor's Bureau of Labor Statistics ("BLS") on unemployment rates and duration of unemployment for disabled people. These sources are listed in Attachment 2.

6. According to the Complaint, Plaintiff is proposing that the class be defined as: "All current and/or former non-exempt employees that worked for Defendants in California

- 1 -

within four (4) years of the filing of this Complaint and had a disability or a medical condition or were otherwise considered disabled under FEHA."

7. Amazon's records show that for the period October 15, 2020 through October 14, 2021, Amazon employed at least 11,341 non-exempt individuals in California who asked for an employment accommodation and had the same job position as Plaintiff, FC Associate I. Of these 11,341 employees, 5,755 were no longer employed at Amazon as of December 15, 2021 (due either to termination or resignation) and 5,586 were still employed and active at that time.[1] The one-year period of October 15, 2020 through October 14, 2021 amounts to one quarter of the proposed class period. Plaintiff was one of the employees who left Amazon during this period.

8. Plaintiff has been proposed as the class representative. Plaintiff claims that she was suspended without pay for the nearly three-week period between November 23, 2020 and December 11, 2020. Plaintiff alleges that she worked only one shift in that time period but does not allege whether she was paid or not. Based on these allegations, we can assume that Plaintiff's claim for damages would include at least 10 days of pre-separation pay at four hours per day and $15 per hour (10 days x $15 x 4). That is $600.

9. If the class claim for pre-separation lost wages were to prevail and assuming four-hour work days similar to Plaintiff's alleged requested accommodation, members of this group would each have pre-separation damages similar to the Plaintiff's. The pre-separation lost wages would equal $600 for each class member ($15.00 x 4 hours x 10 days).

10. If we estimate that only 10 percent of the 11,341 employees in our one year data set, which amounts to 1,134 employees, would be able to show pre-separation lost wage damages in the amount of $600, the total amount of these damages would be approximately $680,400 (1,134 x $600 equals $680,400).

---

[1] An employee is included in this analysis based on the date on which his or her accommodation record was first created in the database. The time period for inclusion in my analysis is October 15, 2020 through October 14, 2021. The employment status for each employee in this analysis is determined as of December 15, 2021. This means that any employees who left Amazon between October 15, 2021 and December 15, 2021 would show as no longer employed by Amazon in this analysis. This additional two-month period adds slightly to the post-separation lost wage damages during our 12-month time period, but would have virtually no effect on potential damages over the proposed four-year class period. It also has no effect on the conclusion that potential damages in this case substantially exceed $5,000,000.

11.     Plaintiff's claim for loss of past earnings would also include pay for the period it would take her to find a job beginning in December 2020 and going into 2021.  The median overall duration of unemployment was 18.8 weeks in November 2020, declining to 15 weeks in August 2021, with an average of approximately 16 weeks.  Also, according to the BLS February 14, 2021 Report on Persons with a Disability: Labor Force Characteristics Summary, disabled individuals have a markedly more difficult time finding work and have almost twice the unemployment rate relative to individuals without a disability.  I have used twice the overall duration figure to account for that and assume that it would have taken Plaintiff 32 weeks to find a new job.  This is consistent with a calculation of duration of unemployment using actual unemployment rates.  Those 32 weeks of damages amount to $9,600 (32 weeks x 5 days per week x $15 x 4 hours per day).

12.     Of the 11,341 FC Associate I employees in our year-long data set, 5,755 are no longer employed by Amazon.  These individuals either resigned or were terminated.  If the class claim for post-separation lost wages were to prevail and former employees were awarded damages for the periods of time it took them to find other jobs, the damages for each of them would be equal to their duration of unemployment times their wage times the number of hours that they would have worked per day.  The period of time I am studying for this group is the same period that included the Plaintiff.  I assume they would experience the same duration of unemployment as her (32 weeks).  For the wage, I use Plaintiff's hourly wage rate of $15.00.  For the number of hours per day, I have used the same four hours as for the Plaintiff.  The four hour day likely underestimates damages because it is likely that many of these employees would have worked longer shifts than the four hours Plaintiff requested.  The average post-separation damage figure for each person in this group would thus be, like for the Plaintiff, $9,600 (32 weeks x 5 days x 4 hours per day x $15).

13.     If we estimate that only 10 percent of these 5,755 former employees, or 576 employees, would be able to show post-separation lost wage damages in the amount of $9,600, the total amount of their damages would be $5,529,600 (576 x $9,600 equals $5,529,600).

14. In summary, limiting the analysis to one year of the class period and assuming just 10% of the employees with FC Associate I as a job title who requested accommodations are awarded damages similar to the Plaintiff's, damages for that period alone are $6,210,000 ($680,400 from paragraph 10 + $5,529,600 from paragraph 13 = $6,210,000).

15. None of this analysis includes potential damages for alleged pain and suffering, attorneys' fees, punitive damages, interest, or other costs. Nor does it include estimates of damages over the rest of the four-year period.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on the 22nd of December, 2021 at Seattle, Washington.

_____
Peter Nickerson

# ATTACHMENT 1

# NICKERSON & ASSOCIATES LLC
Economists • Statisticians • Data Analysts

---

*Nickerson & Associates LLC is a consulting firm with more than 40 years' experience specializing in applying economics, statistics, and computer-related analyses to business and public policy issues. Our clients have included numerous law firms; Fortune 500 companies; small and medium size businesses; federal, state, and local government entities; the U.S. Department of Justice; and labor and trade organizations. As consultants we have calculated damages in litigation; performed numerical, statistical, and econometric analyses both for litigation and public policy studies; and provided expert testimony in jury and bench trials on numerous occasions. In related capacities, we have been integrally involved in mediation and settlement discussions and served as Settlement Administrators in a number of class action cases.*

### *Economic Analyses*

Nickerson & Associates LLC is often asked to apply economic reasoning and theory to analyze real-world events. We have, for example, forecasted timber harvests in light of environmental laws, studied the effect of an oil spill on fishery permit prices in Alaska, and analyzed corporate restructuring plans and the effect of such plans on the age and gender distribution of employees. In the public policy arena, we have carefully analyzed and constructed simulations of the effect of agency rules on the distribution of state contracts across contractors and the effect of such policy on individual firms.

### *Econometric and Statistical Analyses*

Often we are asked to perform econometric and statistical analyses to test for the inference of causality or relatedness. Employment decisions, environmental damage and forecasting typically lend themselves to this sort of analyses. We often discuss with clients our opinion regarding the appropriateness of using statistical analyses in certain circumstances and have been asked on numerous occasions to assess others' statistical work and the integrity of data.

### *Damages*

Much of the litigation work performed by Nickerson & Associates LLC involves economic damage assessment. Examples include economic loss in individual employment cases, development of structured settlement methodologies in class action consumer and wage and hour cases, class loss estimates for corporate restructuring employment cases, and estimates of losses in contract disputes. On a number of occasions, we have been asked to develop computerized loss estimate systems to be used in settlement discussions.

*Database Development and Compilation of Computerized Database Records*

A particular area of expertise for Nickerson & Associates LLC is the area of database development. By developing databases with high levels of integrity we provide more accurate analyses, we are able to more carefully review and critique the work done by other experts, and we can provide our clients more complete and more quickly accessible information. Using existing electronic data, we have constructed databases as large as seven million records with 160 variables in each record. We have also constructed computerized databases using non-electronic information as the primary source. In one age discrimination case against a federal agency, we constructed a sound, analytical database from 80 boxes of job applications, personnel files, and employment decision records.

*Class Actions and Class Action Settlement Administration*

Nickerson & Associates LLC has both worked with court-appointed Settlement Administrators and been appointed the Settlement Administrator for a number of class action settlements. We have performed this work for classes as small as one hundred and as large as 35,000 individuals. We have been responsible for locating and notifying class members, responding to class members' inquiries, calculating individual awards, disbursing both the class awards and attorney's fees, and managing settlement accounts.

# NICKERSON & ASSOCIATES LLC
Economists • Statisticians • Data Analysts

## Selected Cases

Shannon v. McNally, National Football League (WEC 116622), Superior Court of California, Los Angeles, 1987

In Re: the Exxon Valdez (A89-0595-CV (HRH)), U.S. District Court, Alaska, 1989

Adams et al. v. Fred Meyer (3AN-90-10286), Superior Court of Alaska, 1990

UFCW et al. v. Nordstrom (90-2-04282-1) Superior Court of Washington, King County, 1990

Clark et al. v. Carr-Gottstein Foods Co. (A-94-0587-CD), U.S. District Court, Alaska, 1994

Olsen v. Payless Drugstores, NW (94-2-07361-9) Superior Court of Washington, Pierce County, 1994

Citizens Alliance to Protect Our Wetlands v. U.S. Corps of Engineers et al. (C95-591Z), U.S. District Court, Western Washington, 1995

Fox et al. v. Bonneville Power Administration (3:95-cv-01873-JE), U.S. District Court, Oregon, 1995

Migliuri v. First Interstate Bank of Washington (95-2-05972-8), Superior Court of Washington, King County, 1995

Sharp et al v. Overlake Hospital Medical Center (2:95-cv-01008-JCC), U.S. District Court, Western Washington, 1995

Laughman et al. v. Wells Fargo Leasing Corp. (96 C 925), U.S. District Court, Northern Illinois, 1996

Ebeling et al. v. United Airlines (2:97-cv-00347-JCC), U.S. District Court, Western Washington, 1997

Davis v. WA Department of Ecology (ALLO-02-0033), Personnel Appeals Board, 2002

Saccoccia v. Bozeman (DV-02-223), U.S. District Court, Montana, 2002

Corbis Corp. v. Amazon.com (CV-03-1415L), U.S. District Court, Western Washington, 2003

Cao v. City of Seattle (04-2-21734-2 SEA), Superior Court of Washington, King County, 2004

Pitts v. Murreys Disposal (04-2-07512-8), Superior Court of Washington, Pierce County, 2004

Stuart v. Swinerton (04 2 16611 0 KNT), Superior Court of Washington, King County, 2004

Gooden v. Eagle Transport (05-2-13546-3), Superior Court of Washington, King County, 2005

Gonzalez et al. v. OfficeMax (C07-02399 SC), U.S. District Court, Southern California, 2007

Olsen v. Hoot Winc (71-160-0045505 JOIB), American Arbitration Association, 2005

**Selected Cases, Cont.**

Schubeck v. King County (05-2-42224-6 SEA), Superior Court of Washington, King County, 2005

Tolbert v. Glacier (05-2-06976-7 SEA), Superior Court of Washington, King County, 2005

Turner v. University of Washington (CV05-1575L), U.S. District Court, Western Washington, 2005

Wagner v. PMA (CV05 1729 ST), U.S. District Court, Oregon, 2005

Watkins v. UPS (CV-05-1611-RSL), U.S. District Court, Western Washington, 2005

Elliott v. Cadman, Inc. (06-2-29743-1 SEA), Superior Court of Washington, King County, 2006

Lucky Break Wishbone v. Sears (06cv0312 TSZ), U.S. District Court, Western Washington, 2006

MP Medical Inc. v. Halls Medical (06-2-25495-3 SEA), Superior Court of Washington, King County, 2006

Fewel (Doe minor) v. Schnall (06-2-03644-1 SEA), Superior Court of Washington, King County, 2006

Nguyen v. Hardel Mutual Plywood (07-2-00661), Superior Court of Washington, Lewis County, 2007

Hurtado-Lopez v. Armadillo Bay (RG 08390556), Superior Court of California, Alameda County, 2008

Ballard v. TriMet (cv-09-873-PK), U.S. District Court, Oregon, 2009

Rojas v. Sunview Vineyards (09-cv-00705-AWI-SMS), U.S. District Court, Eastern District of California, 2009

Brink's Incorporated Wage And Hour Cases (BC423237, BC410374, BC392462), Superior Court of California, Los Angeles County, 2010

Faust v. Comcast (1:10-cv-02336-WMN), U.S. District Court, Northern District of Maryland, 2010

Lagos et al. v. Cogent Communications (4:11-cv-04523), U.S. District Court, Southern District of Texas, Houston Division, 2011

McCoy v. North Slope Borough (2:11-cv-00001 SLG), U.S. District Court, Alaska, 2011

# PETER H. NICKERSON, PH.D.

| | |
|---|---|
| 520 Pike Street, Suite 1200 | Main:   (206)332-0270 |
| Seattle, WA 98101-4001 | Direct: (206)332-0271 |
| | Email: phn@nickersonassociates.com |

## SUMMARY

Over 40 years' experience as a consultant in economic and statistical analyses, damage calculations, mediation, and settlement administration.  Testimony given in court, by deposition and by affidavit, in Federal and State proceedings throughout the United States.  Six years' experience in the software/Internet industry as founder and CEO.  Led initial development and took company public, raising over eighty million dollars.  Thirteen years as a university professor teaching both graduate and undergraduate courses.

## EXPERIENCE

**Nickerson & Associates LLC, Seattle, WA**                                                   **1978 –Present**

Principal and President of Economics and Statistics consulting firm.

- Direct and manage consulting engagements for law firms and their clients involved in litigation relating to labor and employment issues, natural resources, and commercial transactions. Work includes mediation preparation, damages estimation, statistical and economic analyses, and public policy analyses.

- Served as Settlement Administrator in class action cases and as such responsible for notification of class members, damage calculations, award distribution, and general administration.

- Testified in numerous cases; qualified as expert in Federal and State Courts in Oregon, Washington, California, Iowa, Montana, and Alaska.

- Engaged to analyze legislative and administrative decisions as they affect public policy and potential liability.

- Taught and presented various aspects of the economics of child support, economic damages, and expert preparation to Washington State Judges Conferences, National Institute for Trial Advocacy, Pacific Coast Labor Conference, MALDEF.

- Supervise and manage nine full-time professionals and support staff and various contract professionals as needed.

**Seattle University, Seattle, WA**                                                                          **2014 – 2015**

Adjunct Professor of Economics

**New York University, New York, NY**                                                                 **2010 – 2013**

Adjunct Professor of Economics

## EXPERIENCE (*continued*)

### N2H2, Incorporated                                              1995 – 2001

Chief Executive Officer, President and Founder of Internet content management business.

- Grew Internet company from inception to over $10 million in annual sales and 250 employees, selling computer services to over 40% of K-12 education base in the U.S. and Australia and to businesses and educational institutions in thirteen other countries.

- Raised $15 million in private capital and led company through a $60 million public offering.

- As CEO made scores of presentations in public forums, investment conferences, education conferences and computer conferences about Internet content management, computer use in schools and businesses, and Internet content technology.

- Led numerous company initiatives and teams encompassing virtually all aspects of company functions including development, product management, customer service, marketing, and finance.

### Seattle University, Seattle, WA                                 1984 - 1997

Visiting Assistant, Assistant, and ultimately Associate Professor for the Department of Economics and Finance, Albers School of Business and Economics, Seattle University. Tenured in 1991.

- Taught graduate and undergraduate courses in micro- and macro-economics, industrial organization, natural resources, and environmental economics.

- Served on numerous university, school, and departmental committees; Created, raised funding, and managed the University Adult Literacy Project; Created and served on the Board of the University Children's Literacy Project.

- Published various articles on resources, child support, and taxation in refereed journals, proceedings, and newspapers; served as session chair, discussant, and paper presenter at various professional conferences.

- Awarded Albers School of Business faculty research award and School of Business summer research grants

### University of Washington, Seattle, WA                           1976 – 1983

- Teaching Associate, Department of Economics and the School of Business, University of Washington.

- Research Assistant, Department of Economics and Institute of Marine Sciences, University of Washington.

# EDUCATION

**University of Washington, Seattle, WA**

- Ph.D. in Economics **1984**
  Fields of concentration were microeconomics, natural resources, and public finance.  Research in natural resources and lottery allocation systems as they function as pricing mechanisms.

- Master of Science in Economics **1978**
  Major coursework in macro and micro economic theory, econometrics, and natural resources. Estimated demand for recreational shellfish resources for Institute for Marine Sciences.

**Washington State University, Pullman, WA**

- B.A. in Economics and Business **1975**

**Stevens Institute of Technology, Hoboken, N.J**.

- Engineering major **1970 - 1972**


# DIRECTORSHIPS

Chairman of the Board, N2H2, Incorporated, 1995 – 2003.

Chairman of the Board, Iseek Limited, Brisbane Australia, 2000 – 2001.

Board of Directors, One Name Corporation, Seattle, WA 2000 – 2001.

# NICKERSON & ASSOCIATES LLC

Economists • Statisticians • Data Analysts

**Peter H. Nickerson, Ph.D.**
**Depositions and Trial Testimony**
**2014 - 2020**

| CASE | COURT | YEAR | DEPOSITION | TRIAL TESTIMONY |
|---|---|---|---|---|
| Rufin v. City of Seattle | Superior Court of Washington, King County | 2014 | | YES |
| Baricuatro v. Industrial Personnel Management Services et al. | Superior Court of Washington, King County | 2014 | YES | |
| Newell v. HomeCare of WA | Superior Court of Washington, Spokane County | 2014 | YES | |
| Federal Home Loan Bank of Seattle v. Morgan Stanley, Goldman Sachs, UBS Securities, Deutsche Bank Securities, Merrill Lynch, and Credit Suisse Securities | Superior Court of Washington, King County | 2015 | YES | |
| Eat Right Foods v. Whole Foods | U.S. District Court, Western Washington | 2015 | YES | |
| Griffus et al. v. Knight Transportation | Oregon Circuit Court, Multnomah Country | 2015 | | YES |
| Williams v. Microsoft | Superior Court of Washington, King County | 2015 | YES | YES |
| Miglio v. United Airlines | U.S. District Court, Western Washington | 2015 | YES | |
| Borden v. Embassy Management | Superior Court of Washington, Pierce County | 2016 | YES | |
| Weil v. Citizens Telecom and Frontier Communications | U.S. District Court, Western Washington at Seattle | 2016 | YES | |
| Loczi v. Daimler Trucks | Oregon Circuit Court, Multnomah Country | 2016 | | YES |
| Kayshel v. O'Brien Auto | Superior Court of Washington, King County | 2017 | YES | |
| Stines v. Fidelity National | US District Court, Western Washington at Seattle | 2017 | YES | |
| USI v. Vanderzanden | American Arbitration Assocation | 2018 | YES | |

| Case | Court | Year | Deposition | Trial |
|---|---|---|---|---|
| Gilmer v. Centene | Superior Court of Washington, Pierce County | 2019 | YES | |
| Robertson v. Valley Communications Center | Superior Court of Washington, King County | 2017 | Yes | |
| USI v. Ogden | US District Court, Western Washington at Seattle | 2018 | Yes | |
| Robertson v. Valley Communications Center | Superior Court of Washington, King County | 2019 | Yes | |
| Romney v. Franciscan Medical Group | American Arbitration Assocation | 2019 | | Yes |
| Erickson v. Biogen | US District Court, Western Washington at Seattle | 2019 | Yes | |

# ATTACHMENT 2

<u>Data</u>
1. Persons with a Disability: Labor Force Characteristics, February 24, 2021, U.S. Bureau of Labor Statistics (http://bls.gov/news.release/disabl.nr0.htm)
2. Economic Report of the President 2021:
    a. Table B-27. Civilian Unemployment Rate, (1975-2020) (www.govinfo/content/pkg/ERP-2021-table27.pdf)
    b. Table B-28 Unemployment by Duration and Reason, 1975-2020 (www.govinfo/content/pkg/ERP-2021-table28.pdf)