UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RIZVANOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Case No. 1:21-cv-01804-JLT-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 49) |

On November 4, 2021, Plaintiff Michelle Rizvanovic ("Plaintiff") filed an unverified putative class action complaint in the Superior Court of the State of California, County of Kern. (Doc. 1). Defendant Amazon.com Services, LLC ("Defendant") removed the action to this Court on December 22, 2021. *Id*. Defendant thereafter filed a motion to dismiss the class action complaint or, in the alternative, motion to strike Plaintiff's class allegations. (Doc. 15).

On April 30, 2024, the Court granted in part and denied in part Defendant's motion. (Doc. 42). The Court found it necessary to dismiss Plaintiff's class allegations because she brought a proposed class with claims that exceeded the pertinent statute of limitations. *Id*. at 25. However, the Court found the request to strike the class allegations was premature and denied the motion to strike class allegations. *Id*. at 26. On June 3, 2024, the parties filed a notice of settlement. (Doc. 45).

1    Pending before the Court is the parties' stipulation to dismiss the action with prejudice as
2    to Plaintiff's individual claims and the putative class action claims without prejudice.  (Doc. 49).
3    The parties' stipulation of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(ii)
4    and Plaintiff is entitled to dismiss the individual claims (at least) without a court order.  In a class
5    action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has
6    been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a (1)
7    "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled,
8    voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e)
9    (emphasis added).

10   In this case, the parties jointly seek to dismiss the putative class claims under Rule
11   41(a)(1) without prejudice.  (Doc. 49).  Plaintiff's class claims have been dismissed.  (Doc. 42 at
12   25).  Plaintiff has not amended her complaint and no class has been certified.  Moreover, Plaintiff
13   has not sought certification, nor has certification been proposed for purposes of settlement.
14   Because no class has been certified in this case, and because any dismissal would not affect
15   putative class members' possible claims, Rule 23(e) does not mandate either Court approval of
16   the parties' settlement or notice to putative class members.  *See Titus v. BlueChip Financial*, 786
17   Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only
18   plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can
19   step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local*
20   *Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir.
21   2007)).

22   In light of the parties' filing, the Court finds that Rule 23(e) does not require the Court's
23   approval of the dismissal.  This action shall be terminated by operation of law without further
24   order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78
25   (9th Cir. 1999).

26   Accordingly, the Clerk of Court is DIRECTED to CLOSE this case and adjust the docket
27   to reflect dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to
28   the claims of the putative class pursuant to Fed. R. Civ. P. 41(a)(1)(ii), with each party to bear

1 that party's own attorney's fees and costs.

2 IT IS SO ORDERED.

3     Dated: **July 3, 2024**

4                                           UNITED STATES MAGISTRATE JUDGE